**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SHAYLA HOOKS, an Arkansas citizen, and**                                    **PLAINTIFFS**
**TYRONE JACKSON, an Arkansas citizen**

**v.**                                    **Case No. 4:21-cv-00841-KGB**

**SALTGRASS ARKANSAS, INC.,**                                    **DEFENDANT**
**d/b/a Saltgrass Steakhouse**

## <u>ORDER</u>

Before the Court are several pending motions filed by defendant Saltgrass Arkansas, Inc. d/b/a Saltgrass Steakhouse ("Saltgrass") and by plaintiffs Shayla Hooks and Tyrone Jackson (Dkt. Nos. 5, 7, 9, 14, 15). The Court conducted a status conference with counsel on July 5, 2022 (Dkt. No. 22). Having considered the filings and statements made by counsel at the status conference, the Court rules as follows:

(1) the Court grants Saltgrass' partial motion to dismiss and dismisses without prejudice Count III of plaintiffs' complaint (Dkt. No. 5);

(2) the Court grants plaintiffs' motion for extension of time to file answer to the counterclaim filed by Saltgrass and directs plaintiffs to answer or otherwise respond to the counterclaim within 10 days from the entry of this Order (Dkt. No. 7);

(3) the Court grants, in part, and denies, in part, plaintiffs' motion to strike certain paragraphs contained in the counterclaims filed by Saltgrass (Dkt. No. 9); and

(4) the Court grants the pending motions for leave to appear *pro hac vice* (Dkt. Nos. 14, 15).

The Court makes these rulings for the following reasons.

### I.     Partial Motion To Dismiss

Saltgrass filed a partial motion to dismiss plaintiffs' claim of defamation (Dkt. No. 5). Plaintiffs did not respond timely to the partial motion to dismiss, but plaintiffs stated in a later filing that they "oppose[d] Saltgrass' partial motion to dismiss their Count III but waive their response." (Dkt. No. 7, at 2 n.1).  Saltgrass maintains that plaintiffs' defamation claim against Saltgrass in Count III of their current complaint is time-barred because, under Arkansas law, the applicable statute of limitations is one year for slander, Ark. Code Ann. § 16-56-104(3), and because plaintiffs premise their defamation claim on words allegedly spoken by Abigail Herman approximately 15 months prior to the filing of plaintiffs' current complaint against Saltgrass (Dkt. No. 6, at 2–3).  Saltgrass also maintains that the Arkansas savings statue does not provide relief from the applicable statute of limitations because plaintiffs sued Landry's, Inc., in their prior filing, not Saltgrass (Dkt. No. 6, at 3–4).  Plaintiffs do not respond to these arguments on the merits.  The Court grants Saltgrass' partial motion to dismiss plaintiffs' defamation claim as asserted in Count III of plaintiffs' complaint and dismisses without prejudice that claim (Dkt. No. 5).

### II.    Motion For Extension Of Time To File Answer

Plaintiffs filed a motion for extension of time to file answer to the counterclaim filed by Saltgrass (Dkt. No. 7).  Plaintiffs request a two-week extension of time to file an answer to Saltgrass' counterclaim, citing as reasons that, "[i]n Saltgrass' counterclaim, its counsel makes an allegation of extortion against plaintiffs and their counsel. . . [and] unfortunately, Saltgrass makes repeated reference in their counterclaim to a settlement communication which counsel for the parties agreed over a year ago would remain confidential." (Dkt. No. 7, at 2).

Saltgrass responded in opposition to the motion (Dkt. No. 8).  At the status conference on July 5, 2022, counsel for Saltgrass withdrew its opposition to the motion for extension of time to file answer to the counterclaim.

For good cause shown, the Court grants plaintiffs an extension of time to file answer to the counterclaim filed by Saltgrass (Dkt. No. 7).  Plaintiffs have 10 days from the entry of this Order to answer or otherwise respond to Saltgrass' counterclaim.

### III.    Motion To Strike

Plaintiffs filed a motion to strike certain paragraphs contained in the counterclaim filed by Saltgrass (Dkt. No. 9).  Saltgrass responded in opposition to the motion (Dkt. No. 12).  For the following reasons, the Court grants, in part, and denies, in part, plaintiffs' motion to strike (Dkt. No. 9).

Plaintiffs request that this Court strike from Saltgrass' counterclaim certain allegations plaintiffs maintain "are scandalous, impertinent and immaterial" in that these allegations reveal "details of confidential settlement discussions between" the lawyers (Dkt. No. 9, ¶ 1).  Plaintiffs also request that the Court strike publicly disclosed information regarding plaintiffs' residential addresses, claiming that the disclosure of such information put plaintiffs "in potential physical jeopardy" and created "needless risk of property damage." (*Id.*, ¶ 2).  In support of their motion, plaintiffs submitted several redacted documents, offering to make available to the Court copies of the unredacted documents for the Court's review (Dkt. No. 10, Ex. 1–6).  The Court obtained from plaintiffs' counsel and reviewed the unredacted versions of these exhibits.  Saltgrass opposes the motion to strike (Dkt. No. 12).

Federal Rule of Civil Procedure 12(f) provides:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

      (1) on its own; or

      (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

Because the Rule is stated in the permissive, however, it has always been understood that the district court enjoys "liberal discretion" under the Rule. *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citing *Thor Corp. v. Automatic Washer Co.*, 91 F. Supp. 829, 832 (S.D. Iowa 1950); *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)). Even so, striking a party's pleadings is an extreme measure, and, as a result, the Eighth Circuit Court of Appeals has previously held that motions to strike under Rule 12(f) "are viewed with disfavor and are infrequently granted." *Id.* (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (citing 5 Wright & Miller, *Federal Practice and Procedure: Civil § 1380* at 783 (1969))).

> "Allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F. Supp. 2d 862, 867–68 (W.D. Mo. 2012) (alteration, citation, and internal quotation marks omitted). Matters are "immaterial" if they "have no essential or important relationship to the claim for relief." *Resolution Tr. Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). Similarly, matters are "impertinent" when they "do not pertain to the issues in question." *Id.* Scandalous matters are those that cast a derogatory light on someone, usually a party, and bear no relation to the controversy or prejudice the objecting party. *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005).

*Nunes v. Lizza*, 476 F. Supp. 3d 824, 838 (N.D. Iowa 2020), *aff'd in part, rev'd in part and remanded*, 12 F.4th 890 (8th Cir. 2021). Material also may be scandalous if it "states anything in repulsive language that detracts from the dignity of the court." *U.S. ex. Rel. K & R Ltd. P'ship v. Massachusetts Hous. Fin. Agency*, 456 F. Supp. 2d 46, 51 (D.D.C. 2006) (citation omitted), *aff'd* 530 F.3d 980 (D.D.C. 2008). "Even where matter in a pleading is relevant to the controversy, it nonetheless may be stricken if it is scandalous or set out in 'needless detail.'" *Cabble v. Rollieson*,

Case No. 04-CV-9413, 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006) (citing *Gleason v. Chain Service Rest.*, 300 F. Supp. 1241, 1257 (S.D.N.Y. 1969)).

Saltgrass asserts counterclaims of trespass, nuisance, and tortious interference with a business expectancy against plaintiffs (Dkt. No. 3, ¶¶ 94–118).  Plaintiffs seek to strike paragraphs 15 to 16, 76 to 81, and 82 to 89 of Saltgrass' counterclaims.

### A.       Paragraphs 15 To 16

Plaintiffs request that the Court strike paragraphs 15 to 16 of the counterclaim, which include plaintiffs' personal home addresses including street number, city, and state.  For the following reasons, the Court grants the motion to strike the street addresses of plaintiffs but denies the motion as to the city and state where plaintiffs reside.

Saltgrass argues that allegations in paragraphs 15 to 16 "have a logical connection to the advancement of its claims" and therefore are proper under standards of Rule 8(a) and do not violate Rule 12(f) of the Federal Rules of Civil Procedure.  Saltgrass also maintains that, for purposes of identifying the parties and establishing this Court's diversity jurisdiction, Saltgrass pled the location of plaintiffs' residences (Dkt. No. 12, at 2).

Saltgrass accomplishes the only purpose it identifies to the Court by alleging the city and state of plaintiffs' residence; plaintiffs' home street addresses are not required and provide needless detail in Saltgrass' counterclaim.  For good cause shown, the Court grants plaintiffs' motion to strike the street addresses of plaintiffs that appear in paragraphs 15 to 16 of Saltgrass' counterclaim.

### B.     Paragraphs 76 To 81

Plaintiffs also request that the Court strike paragraphs 76 to 81.  In other filings, plaintiffs maintain that Saltgrass "makes an allegation[] of extortion" against plaintiffs and their counsel (Dkt. No. 7, at 2).

Saltgrass argues that allegations in paragraphs 76 to 81 of Saltgrass' counterclaims "have a logical connection to the advancement of its claims" and therefore are proper under standards of Rule 8(a) and do not violate Rule 12(f) of the Federal Rules of Civil Procedure.  These are the only paragraphs Saltgrass refers to when arguing that the challenged allegations "are plainly relevant to Saltgrass's claim that Plaintiffs tortuously interfered with its business relationships because they establish a motive for Plaintiffs' conduct." (Dkt. No. 12, at 6).

The Court denies the motion to strike paragraphs 76 to 81 that refer to alleged actions purportedly taken by plaintiffs themselves.

### C.     Paragraphs 82 To 89

Plaintiffs also request that the Court strike paragraphs 82 to 89, which plaintiffs assert are "improperly disclosed. . . details of confidential settlement discussions" between counsel (Dkt. No. 10, at 2).  In response to the motion to strike disclosures about settlement discussions, Saltgrass maintains that neither Federal Rule of Evidence 408, its spirit, nor Local Rule 7.4 of this Court's Local Rules have any application to plaintiffs' motion to strike (Dkt. No. 12, at 3–5).

According to Saltgrass, Federal Rule of Evidence 408 does not apply here because it is an evidentiary rule and because this is the pleading stage (*Id.*, at 3–4).  Saltgrass further asserts that, even if Rule 408 applied, this case presents the exception because these statements would not be offered by Saltgrass to disprove claims plaintiffs assert but instead would be offered "in service of claims entirely separate from the negotiations during which they were made." (*Id.*, at 5).  Saltgrass

also takes the position that Local Rule 7.4 should not apply because there was no written agreement between counsel to keep settlement discussions confidential, only a "unilateral demand" by plaintiffs' counsel (*Id.*).

Saltgrass does not make the same argument as to paragraphs 82 to 89 as it makes with respect to the purported relevance of challenged paragraphs 76 to 81; there is no claim by Saltgrass that paragraphs 82 to 89 are "are plainly relevant to Saltgrass's claim that Plaintiffs tortiously interfered with its business relationships because they establish a motive for Plaintiffs' conduct." (*Id.*, at 6).

Having reviewed the record before it, the Court is satisfied that the settlement demand came about after initial and preliminary discussion among in-house counsel for Saltgrass and plaintiffs' counsel (Dkt. No. 10, Ex. 1, 2, 3). In this Court's view, that the settlement demand was marked confidential is not unusual in the course and scope of litigation. In fact, plaintiffs assert that in-house counsel "urged" that plaintiffs "make a confidential settlement demand instead" of going to the media or filing suit immediately (*Id.*, at 4). There is no contradiction of this in Saltgrass' response (Dkt. No. 12).

Sometime after the settlement demand was made, the matter was then handed off by in-house counsel to outside counsel for Saltgrass. Outside counsel for Saltgrass initially responded to the settlement demand letter with the following: "I have reviewed your correspondence. I will need two weeks to investigate the matter. I trust that you will provide me professional courtesy of conducting an investigation into the merits of your client's claims. Afterwards, we may engage in a discourse concerning the matter." (Dkt. No. 10, Ex. 4).

In this Court's view, those who request professional courtesy should be willing to extend it.  That seems to be lacking here.  An unwillingness to extend professional courtesy in return threatens the dignity of the Court.

There is no suggestion in the record before the Court that Saltgrass's in-house counsel did not request the pre-suit settlement demand (Dkt. No. 12).  Further, there is no evidence before the Court that Saltgrass's in-house counsel did not agree to maintain the confidentiality of settlement discussions, regardless of whether such a demand was made.  In addition, there is no suggestion that, at any time, in-house or outside counsel for Saltgrass provided notice to plaintiffs' counsel that Saltgrass did not intend to treat pre-suit settlement discussions as confidential before outside counsel disclosed these communications in its counterclaim (Dkt. No. 10, at 4–5).

Pre-suit settlement demand letters should not be viewed as an opportunity by either party to engage in gamesmanship, to impugn character of counsel, or to threaten or force disqualifications of a party's chosen counsel through the specter of turning lawyers into witnesses in lawsuits by attaching correspondence deemed confidential pre-suit settlement demands as exhibits to complaints.  The sending and responding to meaningful pre-suit settlement demand letters and cordial, professional, and respectful discourse among even opposing lawyers are behaviors this Court opts to encourage.

Moreover, the purported evidentiary relevance, if any, of a pre-suit settlement demand is greatly reduced in this Court's view when relied upon simply to assert the age-old argument raised by a defendant that a plaintiff files suit to collect money only, not to right an alleged wrong.  Additionally, here, evidence of a pre-suit settlement demand is duplicative of allegations in paragraphs 76 to 81 regarding conduct plaintiffs allegedly took on their own that the Court does not strike.  The Court rejects the assertion by Saltgrass that granting the motion to strike will limit

Saltgrass' counterclaims (Dkt. No. 12, at 1).  Further, the Court thinks that it is too much of a stretch to assert, as Saltgrass does, that evidence of settlement discussions are "being offered in service of claims entirely separate from the negotiations during which they were made," given the circumstances of the facts alleged, claims made, and counterclaims asserted (Dkt. No. 12, at 5). Therefore, the Court grants the motion to strike as to paragraphs 82 to 89 pursuant to Rule 12(f).

For all of these reasons, pursuant to Rule 12(f), the Court grants, in part, and denies, in part, plaintiffs' motion to strike (Dkt. No. 9).

### IV.    Motions For Leave To Appear *Pro Hac Vice*

Saltgrass filed motions for admission *pro hac vice* of attorneys David W. Long-Daniels and M. Allyson Lumpkin (Dkt. Nos. 14, 15).  Plaintiffs responded in opposition to the motion filed for Mr. Long-Daniels (Dkt. No. 16).  Saltgrass replied (Dkt. No. 17).

Pursuant to the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, the Court grants the motions to admit Mr. Long-Daniels and Ms. Lumpkin *pro hac vice* (*Id.*).  Local Rule 83.5(d).  Mr. Long-Daniels and Ms. Lumpkin will appear as counsel of record for defendant Saltgrass along with Saltgrass' Arkansas counsel.

### V.    Conclusion

The Court grants Saltgrass' partial motion to dismiss and dismisses without prejudice Count III of plaintiffs' complaint (Dkt. No. 5).  The Court grants plaintiffs' motion for extension of time to file answer to the counterclaim filed by Saltgrass and directs plaintiffs to answer or otherwise respond to the counterclaim within 10 days from the entry of this Order (Dkt. No. 7). The Court grants, in part, and denies, in part, plaintiffs' motion to strike certain paragraphs contained in the counterclaims filed by Saltgrass as set forth herein (Dkt. No. 9).  The Court grants the pending motions for leave to appear *pro hac vice* (Dkt. Nos. 14, 15).

It is so ordered this 7th day of July, 2022.

_____
Kristine G. Baker
United States District Judge