# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

| | | |
|---|---|---|
| **SHAYLA HOOKS and**<br>**TYRONE JACKSON**<br>**Plaintiffs/Counterclaim-Defendants**<br><br> **v.** <br><br>**SALTGRASS ARKANSAS INC., d/b/a**<br>**SALTGRASS STEAKHOUSE**<br><br>**Defendant/Counterclaim-Plaintiff** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 4:21-cv-00841-KGB** |

## CONSENT CONFIDENTIALITY PROTECTIVE ORDER

This cause having come before the Court on Motion for Entry of a Consent Confidentiality Protective Order (the "Consent Motion"), the Court has considered the Consent Motion and the relevant parts of the record and being adequately advised in the premises, it is hereby ordered and and adjudged that:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Confidential Materials.** All commercial, proprietary or otherwise confidential information, including medical information concerning any individual, personal identity information, income tax returns (including attached schedules and forms), W-2 and 1099 forms, or employment or personnel records, produced and/or provided by a party through discovery or obtained in response to subpoenas shall be treated as confidential by all parties to this litigation. Such documents and all copies, summaries, compilations, notes or abstracts thereof, shall be used

exclusively in this action and for no other purpose.  Upon the completion of this action, all such documents, together with any copies thereof, will either be destroyed or returned to counsel for the producing party, at said counsel's election.

3.      **Confidentiality Designations.**  There will be two designations which a designating party will be able to designate protected material produced or disclosed by that party:

a.      **"Confidential" -** A party wishing to designate protected material "Confidential" will do so by marking "CONFIDENTIAL" on each page of the protected material for which such protection is sought.

b.      **"Highly Confidential / Attorneys' Eyes Only"** - A party wishing to designate protected material "Highly Confidential / Attorneys' Eyes Only" will do so by marking "HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY" on each page of the protected material for which such protection is sought.

"Confidential" and "Highly Confidential / Attorneys' Eyes Only" protected material are collectively referred to herein as "Protected Material."  The "Highly Confidential / Attorneys' Eyes Only" designation is intended only to cover those materials that, if disclosed to directors, officers, or employees of a receiving party, would be commercially harmful to the designating party.  All designations shall be made in good faith.

4.      **Restrictions on Disclosure of "Confidential" Materials.**  Except with written prior consent of all parties and nonparties asserting confidential treatment, and except as provided elsewhere in this Order, materials designated "Confidential," and all information contained in them or derived from them, may not be disclosed to any person other than:

a.      The parties to this litigation and their employees and agents;

b.      Counsel of record for the parties in this suit;

c.      Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

d.      Witnesses named or listed for deposition or trial and their counsel during the course of testimony provided that each such witness, deponent and counsel is informed of the existence of this Order;

e.      Witnesses being prepared for testimony following execution of a written statement agreeing to be bound by this Order as follows: "I have been provided with and read the Consent Confidentiality Protective Order regarding confidentiality and I expressly agree to be bound by its terms;"

f.      Outside consultants and experts who have been formally retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this action; and

g.      The Court, persons employed by the Court, stenographers, videographers and jurors.

5.      **Restrictions on Disclosure of "Highly Confidential / Attorneys' Eyes Only" Materials.**

a.      Counsel of record for the parties in this suit;

b.      Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit; and

c.      Outside consultants and experts who have been formally retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this action.

6.      **Protection of Protected Health Information Pursuant to 45 C.F.R. Section 164.512(e)(1)(ii)(B).** To the extent any discoverable materials in this matter implicate any protected health information of any Party or third party, the Parties agree to the provisions set

3

forth in this section in order to protect the confidentiality of such information and to comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

       a.      Pursuant to 45 C.F.R. Section 164.512 (e)(1)(ii)(B), the Parties also hereby agree to a qualified protective order to afford counsel for the Parties and the Parties to access, receive, and/or transmit certain requested medical records that do or may contain Protected Health Information.

       b.      The Parties may designate any and all materials that they in good faith believe to be Protected Health Information pursuant to the designation criteria and process outlined above.

       c.      For the purposes of this qualified protective order, "protected health information" ("PHI") shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

       d.      The Parties are permitted to use the PHI in any manner that is reasonably connected with this lawsuit. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

e.      The Parties agree they will not use or disclose the protected health information for any purpose other than this proceeding.

f.      The Parties agree to destroy all protected health information (including all copies made) within 45 days after the conclusion of the proceedings including appeals except that counsel are not required to secure the return or destruction of protected health information submitted to the Court.

g.      This Order does not control or limit the use of protected health information that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

h.      Nothing in this Order authorizes counsel for the Defendant to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

i.      All other terms of this protective order which apply to Confidential or Highly Confidential Information shall apply to material designated as Protected Health Information.

7.      **Litigation Use Only**.  All Protected Material, and all information contained in them or derived from them, shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including personal, business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions.

8.      **Re-Designation.**  Any party may request by writing to the party who designated Protected Material that the "Confidential" or "Highly Confidential / Attorneys' Eyes Only" designation of a particular document or transcript be modified or withdrawn.  If consent is

withheld, the designating party shall state the reasons why it is withholding such consent.  Failure

to respond within a period of ten (10) business days shall constitute consent to the request.  If the

designating party does not agree to such re-designation, the requesting party may apply to the

Court for relief.  Pending the Court's determination, the designation of confidentiality of the

designating party will be maintained.

9.       **Third Parties Bound.**  No person or entity authorized under the terms of this Order

to receive access to Protected Material shall be granted any access to such materials unless and

until such person has read this Order and has agreed in writing to be bound by it.

10.     **Notice of Breach.**  It shall be the obligation of counsel, upon hearing of any alleged

breach or threatened breach of this Order by any person, promptly to notify counsel for the

opposing and producing parties, of such alleged breach or threatened breach.  In that event, the

Court may hold a hearing to determine whether a breach occurred and whether the breaching party

shall pay to the non-breaching party attorneys' fees and costs, or be subject to such other sanctions

as the Court deems appropriate.

11.     **Depositions.**  Nothing in this Order shall be construed to prejudice any party's right

to use any document designated as "Confidential" or "Highly Confidential / Attorneys' Eyes Only"

during depositions or at any hearing or trial in this matter.  To the extent that any Protected Material

is used in the taking of depositions, or to the extent that any Protected Material or the contents

thereof are discussed during a deposition, all such documents and information shall remain subject

to the provisions of this Order, along with the transcript pages of the deposition testimony dealing

with the Protected Material or information.  A party may within fourteen (14) business days after

receipt of a deposition or hearing transcript, designate in writing to the other party each page of

such transcript that contains Protected Material.  Each page of the transcript that contains Protected

Materials shall be stamped as "Confidential" or "Highly Confidential / Attorneys' Eyes Only" and shall be afforded the same protection and treatment as are afforded to "Confidential" or "Highly Confidential / Attorneys' Eyes Only" documents.  Additionally, upon request made by counsel for a party that produced Confidential Materials, any individuals falling outside the applicable categories listed in Paragraph Nos. 4-5 above shall be excused from the deposition room during portions of the deposition involving testimony regarding the Protected Materials.

12.     **Filing.**   Any Party seeking to file any Protected Material shall file Protected Material under seal in accordance with the Court's Rules.

13.     **No Admission.**   Nothing contained in this Order, nor any action taken in compliance with it, shall:

a.      Operate as an admission by any party that a particular document, material, or information is, or is not, confidential;

b.      Operate as an admission by any party that a particular document, material, or information is, or is not, subject to discovery or admissible into evidence at the trial of this suit.

14.     **Interim Protection.**  Protected Material produced by any party or nonparty through discovery in this suit prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order had already been entered by the Court, unless the Court otherwise directs.

15.     **Return or Destruction of Protected Material.**   All Protected Material (and all copies thereof) shall be promptly destroyed or returned to the furnishing party at the conclusion of this action, either by entry of final judgment or voluntary dismissal of the action, at said counsel's request.

16.     **Limitations on Restrictions.**  Nothing herein shall be deemed to restrict any party

7

or their counsel with respect to their own documents and information.  The restrictions set forth in this Consent Confidentiality Protective Order shall not apply to information which (a) is in the public domain at the time of disclosure, or (b) becomes part of the public domain through no fault of the receiving party.

17.     **No Waiver.**  The inadvertent or unintentional disclosure of any Protected Material by the designating party shall not be construed to be a waiver, in whole or in part, of that party's claims of confidentiality either as to the specific Protected Material disclosed or as to any other related information.  Upon the designating party's discovery that it has disclosed Protected Material without appropriately designating such material as confidential, the designating party shall promptly notify the other party and promptly reproduce the Protected Material with the appropriate designations, after which, such material shall be treated in accordance with its designation.  Similarly, the inadvertent or unintentional disclosure of any documents or information protected by the attorney-client privilege and/or work product doctrine shall not be construed to be a waiver, in whole or in part, of that party's claim to privilege; nor shall any discrete waiver of privilege constitute a general waiver of privilege or protection.  Any privileged or protected documents inadvertently produced and all copies and records thereof shall be immediately returned to the producing or providing party.

18.     **Modification.**  This Order is entered without prejudice to the right of any party to seek modification of this Order.

19.     **Survival.**  The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings in this case, whether by settlement or adjudication, and the Court shall retain jurisdiction to construe, enforce, and amend the provisions of this Order.

**SO ORDERED** this 6th day of January, 2023.

*Kristine G. Baker*

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE

Consented to by:

*/s/ David Long-Daniels*
David Long-Daniels
Georgia Bar No. 141916
David.long-daniels@squirepb.com

M. Allyson Lumpkin
Georgia Bar No. 640757
Allyson.lumpkin@squirepb.com
**SQUIRE PATTON BOGGS (US) LLP**
1201 West Peachtree Street NW, Suite 3150
Atlanta, GA 30309
Tel. (678) 272-3200
Fax. (678) 272-3211

S. Katie Calvert
Arkansas Bar No. 2019117
QUATTLEBAUM, GROOMS & TULL
PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone:  (501) 379-1700
Facsimile:  (501) 379-1701
kcalvert@qgtlaw.com

*Counsel for Saltgrass Arkansas, Inc.*

*/s/ Michael J. Laux*
Michael J. Laux
Laux Law Group
400 W. Capitol Ave., Suite 1700
Little Rock, Arkansas 72201
Telephone: (501) 242-0750
Fax: (501) 372-3482
mlaux@lauxlawgroup.com

Christopher Hail
Taylor King Law
820 West Third Street
Little Rock, Arkansas 72201
Telephone: (501) 400-0572
Fax: (501) 400-0573
chrisheil@taylorkinglaw.com

*Counsel for Plaintiffs*

9