IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SHAYLA HOOKS, an Arkansas citizen, and**            **PLAINTIFFS**
**TYROME**[1] **JACKSON, an Arkansas citizen**

v.          Case No. 4:21-cv-00841-KGB

**SALTGRASS ARKANSAS, INC.,**            **DEFENDANT**
**d/b/a Saltgrass Steakhouse**

**OPINION AND ORDER**

Plaintiffs Shayla Hooks and Tyrome Jackson (collectively "Plaintiffs") filed this action alleging negligence and racial discrimination under 42 U.S.C. § 1981(a)[2] resulting from an incident that occurred at a restaurant owned and operated by defendant Saltgrass Arkansas, Inc. d/b/a Saltgrass Steak House ("Saltgrass") (Dkt. No. 1).  Saltgrass answered and brought counterclaims against Plaintiffs for trespass, nuisance, and tortious interference with a business relationship (Dkt. No. 3).  Plaintiffs answered Saltgrass's counterclaims (Dkt. No. 24).  Before the Court is Saltgrass's motion for summary judgment on Plaintiffs' negligence and § 1981 claims and on Saltgrass's trespass and tortious interference with a business relationship claims (Dkt. No. 54, at 1).  Plaintiffs have filed a response to the motion for summary judgment and a response to the statement of undisputed material facts filed by Saltgrass (Dkt. No. 73–74).  Saltgrass filed a reply memorandum of law in support of its motion for summary judgment of Plaintiffs' claims and

---

[1] At his deposition, plaintiff Tyrone Jackson corrected the spelling of his first name to "Tyrome" Jackson (Dkt. No. 55, n.1).  The Clerk of the Court is directed to correct the docket to reflect that plaintiff's name is "Tyrome" Jackson.

[2] Plaintiffs also originally brought a third claim for defamation.  The Court granted Saltgrass's partial motion to dismiss and dismissed Plaintiffs' defamation claim without prejudice (Dkt. No. 23).

Defendant's counterclaims and a reply to Plaintiffs' response to the statement of undisputed material facts (Dkt. Nos. 83–84).

For the following reasons, the Court denies Saltgrass's motion for summary judgment (Dkt. No. 54).

## I. Motion To Strike

In Saltgrass's reply to Plaintiffs' response to the statement of undisputed material facts, Saltgrass argues that, rather than comply with the United States District Court for the Eastern and Western Districts of Arkansas's rules stating that Plaintiffs must controvert statements of undisputed material fact presented by Saltgrass, Plaintiffs present "irrelevant opinions, do not address the subject matter of the statement at hand, or do not controvert the statements presented by Saltgrass" in their response to Saltgrass's statement of undisputed material facts (Dkt. No. 84, at 1). Saltgrass lists four categories of Plaintiffs' statements that Saltgrass asserts should be stricken from the record including statements for which evidentiary material was not provided, statements for which evidentiary material does not support the statement, statements only supported by unsworn conclusory statements, and statements that do not comply with Local Rule 56.1 (*Id.* (citing *Jackson v. United Parcel Service, Inc.*, 643 F.3d 1081, 1088 (8th Cir. 2011) (other citations omitted))). The Court has counted around 25 instances in which Saltgrass contends that statements made by Plaintiffs in their response to Saltgrass's statement of undisputed material facts should be stricken from the record because Saltgrass asserts the statements do not address the subject matter of the statement presented by Saltgrass (Dkt. No. 84, ¶¶ 2, 3, 4, 6, 7, 8, 15, 17, 18, 21, 24, 26-27, 36-38, 44, 46-48, 51, 55, 60, 62, 63, 64). In one instance, Saltgrass asks that the Court strike a statement of Plaintiffs because Saltgrass asserts that it mischaracterizes testimony (Dkt. No. 84, ¶ 16). In a few other instances, Saltgrass seeks to strike from the record statements

of Plaintiffs that it claims are not relevant (Dkt. No. 84, ¶¶ 52, 54, 68).  In two additional instances, Saltgrass moves to strike statements because Plaintiffs do not include citations to the record (Dkt. No. 84, ¶¶ 57, 66–67).

The United States District Court for the Eastern and Western Districts of Arkansas requires a non-moving party to supply the Court with a statement of material facts "as to which it contends a genuine issue exists to be tried."  *See Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1088 (8th Cir. 2011).  Local Rule 56.1(c) provides that "[a]ll material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b)."  Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading. . . any redundant, immaterial, impertinent, or scandalous matter."  While Rule 12(f) is understood to provide courts with "liberal discretion," the Eighth Circuit Court of Appeals has cautioned that "striking a party's pleadings is an extreme measure, and, as a result, we have previously held that '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'"  *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

The Court has reviewed Plaintiffs' response to Saltgrass's statement of undisputed material facts and Saltgrass's reply to Plaintiffs' response to Saltgrass's statement of undisputed material facts as well as both parties' citations to the record evidence before the Court.  The Court views Plaintiffs' response to Saltgrass's statement of undisputed material facts as a statement of material fact as to which Plaintiffs contend a genuine issue exists to be tried; the Court does not view the material as redundant, immaterial, impertinent, or scandalous matter that must be stricken from the record under Federal Rule of Civil Procedure 12(f).  Accordingly, the Court denies Saltgrass's

motion to strike material from Plaintiffs' response to Saltgrass's statement of undisputed material facts (Dkt. No. 84).

Further, unless specifically addressed in this Opinion and Order, the Court denies any request by Saltgrass in its reply to have this Court deem admitted a statement of material fact asserted by Saltgrass (Dkt. No. 84). The Court reviewed the record evidence in its entirety in making its determination on Saltgrass's motions (Dkt. Nos. 54, 84).

## II.     Background

Unless otherwise noted, the Court draws the following facts from Saltgrass's statement of undisputed material facts and Plaintiffs' response to the statement of undisputed material facts filed by Saltgrass (Dkt. Nos. 56, 74).

Saltgrass recaptures the chargrilled-to-perfection flavor of the open campfire as to steaks and seafood; plaintiffs disagree as to chicken (Dkt. No. 74, ¶ 2). Saltgrass owns and operates the Saltgrass Steak House Restaurant ("the Restaurant") located at 10 Anglers Way, Little Rock, Arkansas (*Id.*, ¶ 3).

Plaintiffs frequently ate at the Restaurant (*Id.*, ¶ 9). Mr. Jackson ate at the Restaurant so often that he was offered membership into, and joined, Landry's Select Club, a customer loyalty program whereby Mr. Jackson could earn points towards rewards each time he visited a participating restaurant (*Id.*, ¶ 10).

On June 27, 2020, Plaintiffs visited the Restaurant, requested dine-in service, and were seated at the end of the bar, socially distanced away from other customers (*Id.*, ¶ 11). Once seated, Plaintiffs were waited upon by Saltgrass waitstaff and ordered food and drink without any incident (*Id.*, ¶ 14).

While Plaintiffs sat at the bar, a large group of Caucasian people from Louisiana ("the Group") entered the Restaurant after exiting a bus (*Id.*, ¶ 15).  According to Ms. Hooks, a male member of the Group initially asked to sit next to her and Mr. Jackson at the bar in a space that was marked as reserved in order to facilitate social distancing (*Id.*, ¶ 18).  Mr. Jackson informed the man that they were observing social distancing and that the gentleman could not sit next to them (*Id.*, ¶ 19).

Ms. Hooks flagged down Senior Associate Manager Ron McGranahan and told him that a man from the Group, whom she described as bald, had called her "f***ing stupid." (*Id.*, ¶ 20).  Ms. Hooks was later intentionally coughed on by a different man from the Group (*Id.*, ¶ 27).

Ms. Hooks contends that thereafter she went to the restroom, located at the opposite end of the bar, and four women from the Group followed her into the restroom (*Id.*, ¶ 28).  While Ms. Hooks was walking from the restroom back to her table, the man from the Group, who allegedly coughed on her, called her a "f***ing black bitch." (*Id.*, ¶ 30).  Ms. Hooks then exclaimed a few profane words of her own towards the man before returning to her seat at the other end of the bar (Id., ¶ 31).  Ms. Hooks stated, "No, your wife's the bitch." (*Id.*, ¶ 32).

Ms. Hooks contends that members of the Group came up to Plaintiffs and began to touch Plaintiffs and use a racial slur while confronting Plaintiffs (*Id.*, ¶ 33).  Ms. Hooks shouted that a man from the Group had spat and coughed on her (*Id.*, ¶ 36).  Ms. Hooks used profanity during the argument (*Id.*, ¶ 37).

Mr. McGranahan called 911 (*Id.*, ¶ 47).  Mr. McGranahan conveyed to the dispatcher that he feared the situation would become violent (*Id.*, ¶ 49).

The shouting and screaming continued with Plaintiffs and members of the Group yelling obscenities at each other (*Id.*, ¶ 50).  Video evidence depicts the Group and Plaintiffs repeatedly

hitting each other (*Id.*, ¶ 57). One Saltgrass employee interceded to break up the physical altercation (*Id.*, ¶ 62).

Plaintiffs were not socially distanced from the time that Ms. Hooks was coughed on until they left the Restaurant (*Id.*, ¶ 63). Mr. Jackson admits that he was not physically harmed during the altercation and admits that any lingering pain in his hand was "probably" because he hit somebody, and his shoulder had "a little ache in it." (*Id.*, ¶ 69). To date, Mr. Jackson has not produced any medical records to support any alleged injury (*Id.*, ¶ 70). Ms. Hooks claims that she received treatment for her neck and shoulder pain after the fight (*Id.*, ¶ 72). Ms. Hooks also claims emotional harm because the fight shook her up, and she was embarrassed when the video of the incident was made public (*Id.*, ¶ 75). Plaintiffs did not get COVID as a result of the altercation (*Id.*, ¶ 76).

The parties dispute the remaining facts (*Id.*, ¶¶ 1, 4-8, 12-13, 16-17, 21-26, 29, 31, 34, 35, 38-46, 48, 51-56, 58-61, 64-68, 71, 73-74, 77-78).[3]

### III.   Legal Standard

Summary judgment is appropriate if there is no genuine issue of material fact for trial. *UnitedHealth Group Inc. v. Executive Risk Specialty Ins. Co.*, 870 F.3d 856, 861 (8th Cir. 2017) (citing Fed. R. Civ. P. 56). Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In ruling on a motion for summary judgment '[t]he district court must base

---

[3] The Court does not include paragraphs 79 through 87 of Saltgrass's statement of undisputed material facts in its discussion because the Court considers these paragraphs to be recitations of the docket or legal conclusions and not proper statements of undisputed material facts (Dkt. No. 56, ¶¶ 79-87).

the determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial.'" *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 923–24 (8th Cir. 2004) (internal citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Johnson Reg'l Med. Ctr. v. Halterman*, 867 F.3d 1013, 1016 (8th Cir. 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989) (citation omitted).

However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008), *cert. denied*, 522 U.S. 1048 (1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).

**IV.    Analysis**

Plaintiffs bring a claim of negligence for failure to protect against Saltgrass (Dkt. No. 1-2, at 19–21). Saltgrass asserts that it is entitled to summary judgment in its favor on Plaintiffs' negligence claim (Dkt. No. 55, at 14–25). Based on the record evidence before the Court, construing all reasonable inferences from that record evidence in favor of Plaintiffs, genuine issues

7

of material fact remain in dispute as to whether Saltgrass owed a duty of care to Plaintiffs which it violated and whether Saltgrass's alleged breach caused injury to Plaintiffs. The Court denies Saltgrass's motion for summary judgment on Plaintiffs' negligence claim on this basis.

Saltgrass also asserts that it is entitled to summary judgment on Plaintiffs' claim for racial discrimination under § 1981 (Dkt. No. 55, at 25–28). Based on the record evidence before the Court, construing all reasonable inferences from that record evidence in favor of Plaintiffs, genuine issues of material fact remain in dispute as to whether Saltgrass treated Plaintiffs, who are members of a protected class, differently than similarly situated Caucasian guests because of their race when they sought benefits and services. The Court denies Saltgrass's motion for summary judgment on Plaintiffs' § 1981 claim on this basis.

Saltgrass also claims that it is entitled to summary judgment on its counterclaims for trespass and tortious interference with a business relationship (Dkt. No. 55, at 28–30). Based on the record evidence before the Court, construing all reasonable inferences from the record evidence in favor of Plaintiffs, genuine issues of material fact remain in dispute as to whether anyone from Saltgrass ever asked Plaintiffs to leave the Restaurant and, if so, when someone did so during the course of events as alleged, precluding summary judgment on Saltgrass's trespass claim. Additionally, Saltgrass's intentional interference with a business relationship claim is based on Saltgrass's assertion that Plaintiffs were "refusing orders to leave, starting a physical fight in the restaurant, and causing customers to flee" (Dkt. No. 55, at 30). As set forth in this Order, there are genuine issues of material fact that remain in dispute as to all these issues. Accordingly, the Court denies Saltgrass's motion for summary judgment on its trespass and tortious interference with a business relationship counterclaims.

## V.     Conclusion

The Court denies Saltgrass's motion for summary judgment on Plaintiffs' claims and Saltgrass's counterclaims (Dkt. No. 54).  This case remains set for trial.

It is so ordered this 22nd day of April, 2024.

_____
Kristine G. Baker
Chief United States District Judge