IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SHAYLA HOOKS, an Arkansas citizen, and**                              **PLAINTIFFS**
**TYROME JACKSON, an Arkansas citizen**

**v.**                              **Case No. 4:21-cv-00841-KGB**

**SALTGRASS ARKANSAS, INC.,**                              **DEFENDANT**
**d/b/a Saltgrass Steakhouse**

## ORDER

Before the Court are defendant Saltgrass Arkansas, Inc. d/b/a Saltgrass Steakhouse's ("Saltgrass") omnibus motions *in limine* and Saltgrass's first amended omnibus motion *in limine* (Dkt. Nos. 60, 89).  Plaintiffs Shayla Hooks and Tyrome Jackson ("Plaintiffs") have responded to Saltgrass's motions *in limine* (Dkt. No. 122).  Also before the Court are Plaintiffs' general motions *in limine* nos. 1-14, Plaintiffs' motion *in limine* requesting discovery sanctions against Saltgrass, and Plaintiffs' revised motions *in limine* nos. 3, 5-6, 8-10, and 12 (Dkt. Nos. 91-92, 101).  Saltgrass has responded to Plaintiffs' motions *in limine* (Dkt. Nos. 107, 108).

As to those matters about which the Court grants an *in limine* motion, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case.  Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

I.      **Saltgrass's Omnibus Motion *In Limine***

Saltgrass filed its omnibus motions *in limine* on December 12, 2023, pursuant to the Court's Second Amended Final Scheduling Order (Dkt. No. 60).  In the omnibus motions *in limine*, Saltgrass raised 20 points for the Court's consideration (Dkt. No. 60).  On April 4, 2024, the Court entered an Order permitting all parties the opportunity to file motions *in limine* until April 22, 2024 (Dkt. No. 74).  On April 22, 2024, Saltgrass filed its first amended omnibus motion *in limine* in which it raised 23 points for the Court's consideration.  Many, but not all, of the points raised by Saltgrass in its first amended omnibus motion *in limine* are the same as those raised in its December 12, 2023, omnibus motions *in limine*.[1]  Accordingly, the Court denies without prejudice the motions in Saltgrass's omnibus motions *in limine* (Dkt. No. 60).  The Court rules only on those points raised by Saltgrass in its first amended omnibus motion *in limine* (Dkt. No. 89).  To the extent Saltgrass persists in seeking a ruling from the Court on any of the issues raised in its omnibus motions *in limine*, Saltgrass may renew its motion with the Court during the pretrial conference or at trial, explaining to the Court why the issues Saltgrass purports to raise differ from those addressed by this Court in its other rulings.

II.     **Saltgrass's First Amended Motion *In Limine***

        A.      **Claims Not In The Operative Complaint**

Saltgrass moves *in limine* to exclude any evidence, reference, or testimony related to claims or theories of claims of recovery not expressed in the operative complaint or raised in discovery

---

[1]  In informal communication to counsel for Saltgrass, with a copy to counsel for Plaintiffs, the Court inquired whether Saltgrass required a ruling from the Court on those issues raised only in the first amended omnibus motion *in limine* or whether it would like the Court to rule on both omnibus motions *in limine*.  Counsel for Saltgrass, without explanation or acknowledging the overlap among issues raised in the motions, responded that it would like for the Court to rule on both omnibus motions *in limine*.  Based on the Court's review of the record, Plaintiffs have only responded to Saltgrass's amended omnibus motion *in limine* (Dkt. No. 122).

(Dkt. No. 89, ¶ 1).  Saltgrass requests that the Court prohibit Plaintiffs from arguing or offering evidence as to any claim or theory of liability that they have not asserted in the operative complaint including, but not limited to, "(1) negligent hiring, retention, training, or supervision, and (2) whether [Saltgrass's] agents conduct constitute a reckless disregard for the safety of Plaintiffs." (Dkt. No. 90, at 2).  Saltgrass maintains that "there are no pending motions seeking a spoliation instruction, and the operative Complaint does not present any claim that has a reckless disregard standard" (*Id*.).  Saltgrass argues that permitting Plaintiffs to argue new claims or theories of liability would prejudice Saltgrass, confuse the jury, and obscure the issues being tried before the jury (*Id*. at 2–3).

Plaintiffs oppose Saltgrass's motion *in limine* because it "seems to request the barring of claims Plaintiffs have alleged from the start." (Dkt. No. 122, ¶ 1).  Plaintiffs state that they have raised claims of negligence, race discrimination, and conscious disregard when they filed their complaint (*Id*.)  Plaintiffs also assert that, while not a claim, spoliation or the withholding of evidence is an issue in the case because Plaintiffs maintain that Saltgrass withheld relevant video footage from the date of the incident and submitted evidence long after the discovery deadline in this case (*Id*.).  Plaintiffs state that they expand on their spoliation of evidence argument in their motion for discovery sanctions (*Id*.).

The Court declines to make the blanket ruling Saltgrass seeks.  Instead, Saltgrass may renew its motion or make contemporaneous objections to exclude specific witnesses, anticipated testimony, and documents at trial, and, after hearing from Plaintiffs in response, the Court will issue specific rulings.

### B.    Spoliation Of Evidence

Saltgrass moves *in limine* to exclude any evidence, reference, testimony, or argument related to the alleged spoliation of evidence (Dkt. No. 89, ¶ 2).  Particularly, Saltgrass seeks to exclude any evidence that Keith Bayko refused to produce a video to Officer Kenneth Baker of the Little Rock Police Department ("LRPD") (Dkt. No. 90, at 3).  Saltgrass contends that Officer Baker inquired about a video during his investigation.  According to Saltgrass, Mr. Bayko stated that, if Officer Baker wanted the video, to please let him know, but Officer Baker did not make any further requests for the video footage according to Saltgrass (*Id*.).  Saltgrass maintains that Plaintiffs did not file any motions during the discovery period seeking a spoliation instruction and have not filed any motions to date concerning spoliation (*Id*.).  According to Saltgrass, it has produced all videos of the incident and even all videos of the exterior areas of the restaurant (*Id*., at 4).  Saltgrass argues that it will be prejudiced if Plaintiffs are permitted to argue or offer a new claim or theory of liability or relief (*Id*.).

Plaintiffs oppose Saltgrass's motion *in limine* (Dkt. No. 122, ¶ 2).  Plaintiffs assert that it has asked the Court to exclude all untimely video belatedly produced by Saltgrass and has submitted to the Court Arkansas Model Jury Instruction 106 and 106A which pertain to adverse inference instructions (*Id*.).  Plaintiffs state that in related motion practice they have requested a hearing on matters related to what they refer to as the missing Saltgrass video and what Plaintiffs assert was the withholding of the video during an investigation (*Id*.).  Plaintiffs assert that they presented a preservation letter to Saltgrass's parent company on July 7, 2020 (*Id*. (citing Dkt. No. 122-2)).  In response, Saltgrass's counsel represented that Saltgrass only had in its possession two cell phone videos (*Id*.).  Plaintiffs contend that it is reasonable to infer that the missing video and untimely discovery production are unfavorable to Saltgrass (*Id*.).  Plaintiffs assert that they have

made reference to the missing video and the inference raised by its absence in a prior motion (*Id.*, ¶ 2 (citing Dkt. No. 92, at 8)).  Further, Plaintiffs allege that, in that motion, they have asked the Court to bar all untimely video (*Id.* (citing Dkt. No. 92, at 10–11)).

The Court takes this matter under advisement, will hear from the parties during the pretrial conference with regard to these issues, and will make its ruling on this motion separately (Dkt. No. 89, ¶ 2).  While this matter is under advisement, all parties, their counsel, and their witnesses are directed to approach the bench before offering any testimony, evidence, or argument on alleged missing videos or spoliation of evidence.

### C.     Retaliation Claims

Saltgrass moves *in limine* to exclude any reference, testimony, or argument related to alleged retaliation against Plaintiffs because Plaintiffs have not asserted a retaliation claim (Dkt. No. 89, ¶ 3).

Plaintiffs respond that they do not oppose Saltgrass's motion *in limine* as phrased (Dkt. No. 122, ¶ 3).

The Court grants Saltgrass's motion *in limine* without objection and prohibits Plaintiffs from offering evidence, testimony, or argument on a purported claim or theory of liability based on retaliation (Dkt. No. 89, ¶ 3).

### D.     Mischaracterizing Stated Law, Governmental Orders, Directives, And Regulations

Saltgrass moves *in limine* to exclude any evidence, testimony, or argument mischaracterizing stated law, governmental orders, directives, and regulations (Dkt. No. 89, ¶ 4). Saltgrass seeks an instruction from the Court prohibiting Plaintiffs, their counsel, and witnesses from "mischaracterizing" the State of Arkansas's Directive on Resuming Restaurant Dine-in Operations as "having 'requirement[s]' or 'rules' that were 'mandatory'" (Dkt. No. 90, at 5).

5

Plaintiffs oppose Saltgrass's motion *in limine* (Dkt. No. 122, ¶ 4).  Plaintiffs assert that a June 19, 2020, memorandum from Landry's Inc. acknowledges the need for adherence to executive orders (*Id.*).

The Court denies Saltgrass's motion *in limine* and declines to make the blanket ruling Saltgrass seeks.  Instead, Saltgrass may renew its motion or make contemporaneous objections to exclude specific witnesses, anticipated testimony, and documents, and, after hearing from Plaintiffs in response, the Court will issue specific rulings.

### E.   Witnesses Not Identified In Discovery

Saltgrass moves *in limine* to exclude any witnesses not identified in discovery (Dkt. No. 89, ¶ 5).  Saltgrass argues that, under Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are limited to calling to testify at trial those witnesses whom Plaintiffs identified in their responses to interrogatories and their initial disclosures (Dkt. No. 90, at 6–7).  Saltgrass asserts that it is prejudiced by the nondisclosure of other witnesses because the discovery period has ended with trial set to begin (*Id.*, at 7).

Plaintiffs oppose Saltgrass's motion *in limine* (Dkt. No. 122, ¶ 5).  Plaintiffs agree that Saltgrass should be precluded from calling any witness who Saltgrass disclosed for the first time after the Court's first discovery deadline of August 18, 2023 (*Id.*).  Plaintiffs argue, however, that Plaintiffs should be permitted to call any of those witnesses at trial, if they choose to do so, because Plaintiffs have suffered unfair prejudice due to Saltgrass's discovery abuses and specifically Saltgrass's practice of untimely disclosure of scores of witnesses, leaving insufficient time for Plaintiffs to examine those individuals during the discovery period (*Id.*).

The Court denies Saltgrass's motion *in limine* and declines to make the blanket ruling Saltgrass seeks (Dkt. No. 89, ¶ 5).  To the extent either party objects to a witness being listed as a

potential witness or called to the stand by the opposing party, a contemporaneous objection should be lodged to permit the Court to rule on that potential witness.

### F.    Witness Testimony Of Keith Bayko

Saltgrass moves *in limine* to exclude any witness testimony of Keith Bayko (Dkt. No. 89, ¶ 6). Saltgrass contends that Mr. Bayko is not disclosed in either Plaintiffs' initial disclosures or Plaintiffs' November 14, 2023, supplemental disclosures (Dkt. No. 90, at 7). Saltgrass asserts that Plaintiffs are requesting that Mr. Bayko testify *via* video during the trial of this matter (*Id.*, at 7). Saltgrass maintains that Mr. Bayko is beyond the subpoena power of this Court and should be excluded because Plaintiffs offer no explanation for their nondisclosure of Mr. Bayko as a potential witness (*Id.*, at 7–8). Additionally, Saltgrass asserts that Mr. Bayko is counsel in this matter and that his acts and communications are within the ambit of attorney-client privilege and work product doctrines (*Id.*, at 8).

Plaintiffs oppose Saltgrass's motion *in limine* (Dkt. No. 122, ¶ 6). Plaintiffs contend that Mr. Bayko has relevant information because Mr. Bayko possessed a video recording of the incident recorded by Saltgrass (*Id.*). Plaintiffs state that, if the Court provides an adverse instruction, the need to call Mr. Bayko at trial would be obviated (*Id.*).

The Court takes this matter under advisement, will hear from the parties during the pretrial conference with regard to these issues, and will make its ruling on this motion separately (Dkt. No. 89, ¶ 6). While this matter is under advisement, all parties, their counsel, and their witnesses are directed to approach the bench before offering any testimony, evidence, or argument regarding Mr. Bayko, his alleged knowledge or involvement, and any alleged missing videos or spoliation of evidence.

### G.    Documentary Evidence Not Exchanged In This Case

Saltgrass moves *in limine* to exclude any documentary evidence not exchanged in this case (Dkt. No. 89, ¶ 7).  Saltgrass contends documentary evidence not exchanged during discovery is inadmissible under Federal Rules of Civil Procedure 16(f), 26(e), 37(d) (Dkt. No. 90, at 8). Specifically, Saltgrass maintains that, despite specific requests during discovery, Plaintiffs have failed to provide Plaintiffs' medical expenses and related documents, Plaintiffs' expert's resume, documents that form the basis of the expert's opinion, and other documents provided to the expert for review, and all documents and communications relating to Plaintiffs' alleged injuries including documents from Dr. Khalid Rayaz, Dr. William Rutledge, Dr. Muhammad Y. Sha'jeet, Easy Relax, and The Joint (*Id.*, at 9).

Plaintiffs respond that they do not oppose Saltgrass's motion *in limine* (Dkt. No. 122, ¶ 7). The Court grants the motion *in limine* without objection (Dkt. No. 89, ¶ 7).

### H.    Evidence Of Personal Injuries, Pain, And Emotional Distress

Saltgrass moves *in limine* to exclude evidence of personal injuries, pain, emotional distress, or any other evidence because Saltgrass asserts that Plaintiffs have not produced any medical records in support thereof (Dkt. No. 89, ¶ 8).  Saltgrass contends that Plaintiffs failed to disclose the calculation of their damages for claimed personal injuries, pain, and emotional distress in their initial discloses and failed to supplement their disclosures in a timely manner pursuant to Federal Rules of Civil Procedure 26 (Dkt. No. 90, at 10).  Saltgrass also argues that Plaintiffs failed to disclose damages with evidence under Federal Rule of Civil Procedure 37 (*Id.*).  Saltgrass asserts that Plaintiffs offer no explanation for their non-disclosure and that Saltgrass is prejudiced by it because the discovery period has ended with trial set to begin (*Id.*).

Plaintiffs oppose Saltgrass's motion *in limine* (Dkt. No. 122, ¶ 8).  Plaintiffs state that Ms. Hooks has testified to medical injuries, pain and suffering, medical bills, and permanency (*Id.*). Plaintiffs state that they have testified to humiliation, mental anguish, and pain and suffering (*Id.*). Further, Plaintiffs assert that Ms. Hooks will testify to lost profits that she sustained as a result of the incident (*Id.*).

The Court denies Saltgrass's motion *in limine* (Dkt. No. 89, ¶ 8).

## I.      Evidence About Which Michael Cima Has No Factual Knowledge

Saltgrass moves *in limine* to exclude evidence regarding matters about which Saltgrass asserts proposed witness Michael Cima of the Arkansas Department of Health has no factual knowledge because Plaintiffs purport to use him to speak about legal duties during COVID, and Saltgrass argues that this Court is the sole instructor pertaining to the law (Dkt. No. 89, ¶ 9). Saltgrass argues that the testimony of Mr. Cima should be excluded as irrelevant under Federal Rule of Evidence 602 because Mr. Cima was not present at the restaurant on June 27, 2020, during the events giving rise to this litigation and because Saltgrass maintains that Mr. Cima has no personal knowledge concerning the events that took place there (Dkt. No. 90, at 11).  Saltgrass also argues that the Court should preclude any testimony from Mr. Cima regarding the law during the COVID pandemic because the Court is the sole instructor of the law (*Id.*).

Plaintiffs oppose Saltgrass's motion *in limine* (Dkt. No. 122, ¶ 9).  Plaintiffs contend that Mr. Cima is not being called as a percipient witness, but his testimony will establish that Phase 2 regulations applied to Arkansas restaurants like Saltgrass on June 27, 2020 (*Id.*).  Plaintiffs maintain that they attempted to stipulate to the facts that they intend to elicit from Mr. Cima, but Saltgrass refused (*Id.*).

The Court takes Saltgrass's motion *in limine* under advisement (Dkt. No. 89, ¶ 9).  The Court will hear from the parties during the pretrial conference with regard to these issues and with regard to Plaintiffs' motion *in limine* for judicial notice of COVID-19 adjudicative facts (Dkt. No. 109), and the Court will make its ruling on this motion separately (Dkt. No. 89, ¶ 9).

### J.    Inflammatory News Reporting

Saltgrass moves *in limine* to exclude any reference to inflammatory news reporting related to this action or related actions (Dkt. No. 89, ¶ 10).  Saltgrass argues that the Court should exclude newspaper articles as inadmissible hearsay (Dkt. No. 90, at 12).  Further, Saltgrass contends that news reporting that incorporates the use of inflammatory material would be more prejudicial than probative and should be excluded (*Id.*).  Saltgrass seeks to exclude *in limine* any news reporting related to the June 27, 2020, incident. Saltgrass also asserts that newspaper articles that sensationalize similar fights over COVID-19 precautions would distract and confuse the jury, and Saltgrass seeks to exclude any news reporting concerning fights related to COVID-19, mask wearing, and other COVID-19 precautions (Dkt. No. 90, at 9).

Plaintiffs oppose Saltgrass's motion *in limine* (Dkt. No. 122, ¶ 10).  Plaintiffs argue that Mellisa Velasco acknowledged at her deposition an awareness of a trend in national media in June 2020 of reports describing guests of business establishments who refused to comply with COVID regulations (*Id.*).  Plaintiffs assert that this acknowledgement by Ms. Velasco, and Ms. Velasco's concern that she might be a victim of backlash when trying to implement COVID regulations, is evidence relating to foreseeability (*Id.*).  Plaintiffs acknowledge, however, that they "do not intend to introduce the [newspaper] articles proper, as evidence." (*Id.*).

The Court denies Saltgrass's motion *in limine* and declines to make the blanket ruling Saltgrass seeks (Dkt. No. 89, ¶ 10).  The Court will rule on contemporaneous objections to this evidence, testimony, and argument at trial.

### K.   Evidence Referencing The Size, Status, Reputation Of Squire Patton Boggs (US), LLP And Quattlebaum, Grooms & Tull PLLC

Saltgrass moves to exclude *in limine* reference to the size, status, and reputation of Squire Patton Boggs (US), LLP and Quattlebaum, Grooms & Tull PLLC; the Out-Of-State Residence of Squire Patton Boggs (US), LLP; and the In-State Residence of Plaintiffs' Counsel (Dkt. No. 89, ¶ 11).  Saltgrass contends that information regarding the size, status, or reputation of defense counsel, and where the firms are located, is irrelevant and inadmissible under Federal Rules of Evidence 401 and 402 (Dkt. No. 90, at 13).

Plaintiffs oppose Saltgrass's motion *in limine* arguing that Plaintiffs believe that the Court is obligated to state the names and addresses of all counsel of record to assure that no juror is inappropriately familiar with counsel (Dkt. No. 122, ¶ 11).  The Court understands Plaintiffs' position to be that, aside from those references made by the Court, Plaintiffs do not intend to elicit any such testimony or make such argument of the type Saltgrass seeks to exclude (*Id.*).

The motion *in limine* is granted (Dkt. No. 89, ¶ 11), with the exception that the Court will question the *voir dire* panel regarding their familiarity with the law firms and lawyers involved in the case.

### L.   Evidence Referencing the Size, Wealth, Or Financial Resources Of The Parties

Saltgrass moves to exclude *in limine* reference to the size, wealth, or financial resources of the parties (Dkt. No. 89, ¶ 12).  Saltgrass argues that information regarding the size or financial

resources of the parties, and the relative wealth or resources of the parties, is not relevant to any material fact in dispute in this case under Federal Rule of Evidence 403 (Dkt. No. 90, at 13).

Plaintiffs oppose the motion *in limine* (Dkt. No. 122, ¶ 12).  Plaintiffs assert that Saltgrass's financial worth is relevant to assessing punitive damages (*Id*.).

The Court finds evidence related to Saltgrass's size, wealth, or financial resources is relevant to punitive damages and that its probative value outweighs any prejudicial effect.  *See* Fed. R. Evid. 401, 402, 403.  The Court denies Saltgrass's motion to exclude *in limine* any references to its size, wealth, or financial resources and declines to make the blanket ruling Saltgrass seeks (Dkt. No. 89, ¶ 12).  The Court will rule on contemporaneous objections to this evidence, testimony, and argument at trial.

### M.   Impact On Family Members

Saltgrass moves *in limine* to exclude any evidence, argument, reference, or testimony related to impact on, or alleged stress to, Plaintiffs' family members (Dkt. No. 89, ¶ 13).  Saltgrass maintains that this evidence is not relevant under Federal Rule of Evidence 401 because it does not prove or disprove any disputed fact of consequence at trial but is only intended to appeal to the emotions of jurors or to confuse or distract jurors (Dkt. No. 90, at 14).

Plaintiffs respond that, to the extent they understand the motion, they do not oppose the motion *in limine* (Dkt. No. 122, ¶ 13).  Plaintiffs understand they may not testify to any stress experienced by other individuals (*Id*.).

The Court grants the motion *in limine* (Dkt. No. 89, ¶ 13).  To the extent that either party requires clarification of the scope of the motion *in limine* or this Court's ruling on it, that party should approach the bench and seek clarification before offering any testimony, evidence, or argument regarding impact on, or alleged stress to, Plaintiffs' family members.

### N.   Evidence Related To "Punishing" Saltgrass

Saltgrass moves *in limine* to exclude any evidence, reference, argument, or testimony related to "punishing" Saltgrass or that Saltgrass is a "bad" corporate citizen, "big" company, "puts profits over people," or similar arguments (Dkt. No. 89, ¶ 14).   According to Saltgrass, it anticipates that Plaintiffs may seek to enter evidence or proffer argument that Saltgrass should be "punished in this case" and to make other emotional appeals to the jury (Dkt. No. 90, at 14–15). Saltgrass seeks to prohibit Plaintiffs' counsel from using what it contends are emotional pleas that the jury is the "conscience of the community" and that the jury should "send a message" in order to protect people from a similar outcome (*Id*., at 15).   Additionally, Saltgrass seeks to prohibit Plaintiffs from suggesting that its management cares about making "as much money as possible" and "prioritizes profits over people" (*Id*.).

Plaintiffs oppose Saltgrass's motion *in limine* (Dkt. No. 122, ¶ 14).   Plaintiffs assert that, because punitive damages are available in this case, Plaintiffs should be allowed to argue that Saltgrass should be punished for its willful and wanton conduct and its conscious disregard for Plaintiffs' health and safety (Dkt. No. 122, ¶ 14).

The Court denies Saltgrass's motion *in limine* and declines to make the blanket ruling Saltgrass seeks (Dkt. No. 89, ¶ 14).   The Court finds that punitive damages are an issue in this case.   The Court will rule on contemporaneous objections to this evidence, testimony, and argument at trial.

### O.   Any Legal Theory That Saltgrass Owed Plaintiffs The Duty To Break Up The Altercation Or To Intercede On Plaintiffs' Behalf

Saltgrass moves *in limine* to exclude any legal theory or suggestion that Saltgrass owed Plaintiffs the duty to break up the altercation or intercede in the altercation on Plaintiffs' behalf (Dkt. No. 89, ¶ 15).   Defendants contend that Plaintiffs present no factual dispute concerning the

unforeseeable nature of the physical altercation that occurred at the restaurant on June 27, 2020, and that, therefore, Saltgrass had no duty to break up or intercede in the altercation which was unforeseeable (Dkt. No. 90, at 10).

Plaintiffs respond that they are confused by Saltgrass's motion *in limine* (Dkt. No. 122, ¶ 15).  Plaintiffs assert that they do not allege a specific duty to intercede in the middle of the physical altercation (*Id*.).

The Court denies Saltgrass's motion *in limine* and declines to make the blanket ruling Saltgrass seeks (Dkt. No. 89, ¶ 15).  The Court will rule on contemporaneous objections to this evidence, testimony, and argument at trial.

### P.      Reference To "Safety Rules"

Saltgrass moves *in limine* to preclude suggestions that Saltgrass owed Plaintiffs the duty owed to invitees and reference to safety rules (Dkt. No. 89, ¶ 16).  Saltgrass states that it anticipates that Plaintiffs may reference "safety rules" and argue that Saltgrass violated these rules as set forth in the book Reptile:  The 2009 Manual of the Plaintiff's Revolution (Dkt. No. 90, at 16).  Saltgrass contends that any probative value of references to "safety rules" is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the potential to mislead the jury, and the Court should exclude all references to the Reptile or "safety rules" at trial (*Id*., at 17).  Saltgrass argues that references to the safety rules are improper and highly prejudicial (*Id*.).  In support of this motion, Saltgrass takes the position that, "[a]t the time of the physical fight, Plaintiffs were considered trespassers." (*Id.*).

Plaintiffs respond that they are confused by Saltgrass's motion *in limine* (Dkt. No. 122, ¶ 16).  Plaintiffs' counsel states that he has never read nor spoken to a jury about the book referenced by Saltgrass in its motion (*Id*.).  Plaintiffs state that they intend to reference internal safety rules to

which Saltgrass employees and guests were subject, and the jury is entitled to receive information about these safety rules in their fact-finding role (*Id.*).

The Court grants, in part, and denies, in part, Saltgrass's motion *in limine*; the Court grants the motion only as it relates to references to "safety rules" as set forth in the book <u>Reptile:  The 2009 Manual of the Plaintiff's Revolution</u> (Dkt. No. 90, at 16).  The Court denies the remainder of Saltgrass's motion *in limine* and declines to make the blanket ruling Saltgrass seeks (Dkt. No. 89, ¶ 16).  The Court will rule on contemporaneous objections to this evidence, testimony, and argument at trial.

### Q.    Evidence Suggesting Jurors "Trade Places" With Plaintiffs

Saltgrass moves *in limine* to exclude any evidence or argument suggesting the jurors "trade places" with Plaintiffs (Dkt. No. 89, ¶ 17).  Saltgrass contends that so called "golden rule" arguments are improper because they ask jurors to put themselves in the shoes of Plaintiffs (Dkt. No. 90, at 17–18).

Plaintiffs respond that they do not oppose the motion *in limine* (Dkt. No. 122, ¶ 17).

The Court grants Saltgrass's motion *in limine* on the "golden rule" without objection (Dkt. No. 89, ¶ 17).  Neither Plaintiffs nor Saltgrass may make any improper "golden rule" arguments. *Lovett ex rel. Lovett v. Union Pacific Railroad Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000).

### R.    Evidence Regarding Discovery Disputes, Court-Related Rulings, Litigation, And Lawyering

Saltgrass moves *in limine* to exclude any evidence, argument, reference, or testimony regarding discovery disputes, court-related rulings, and how the litigation and lawyering was handled (Dkt. No. 89, ¶ 18).  Saltgrass asserts that any reference to Court-related rulings, discovery disputes, or how litigation and lawyering were handled is irrelevant and prejudicial (Dkt. No. 90, at 18).  Further, Saltgrass argues that such matters are wholly irrelevant to any issues in this case,

unfairly prejudicial, and threaten to mislead and confuse the jury under Federal Rules of Evidence 401, 402, and 403 (*Id*.).

Plaintiffs respond that they are confused by Saltgrass's motion *in limine* (Dkt. No. 122, ¶ 18).  Plaintiffs argue that, to the extent that Saltgrass refers to Plaintiffs' allegations that Saltgrass engaged in discovery abuses and spoliation of evidence and the Court agrees, Plaintiffs defer to the Court about how to communicate these findings to the jury (*Id*.).

The Court takes this matter under advisement, will hear from the parties during the pretrial conference with regard to these issues, and will make its ruling on this motion separately (Dkt. No. 89, ¶ 18).  While this matter is under advisement, all parties, their counsel, and their witnesses are directed to approach the bench before offering any testimony, evidence, or argument on discovery disputes, court-related rulings, and how the litigation and lawyering was handled, including but not limited to allegations that counsel have, or either party has, engaged in discovery abuses and spoliation of evidence.

### S.      Evidence Referencing Other Third-Party Claims Or Lawsuits

Saltgrass moves *in limine* to exclude any evidence, testimony, reference, or argument referencing other third-party claims or lawsuits against Saltgrass (Dkt. No. 89, ¶ 19).  Saltgrass argues that such evidence is irrelevant, unfairly prejudicial, and threatens to mislead and confuse the jury under Federal Rules of Evidence 401, 402, 403, and 404(b) (Dkt. No. 90, at 19).

The Court understands that Plaintiffs do not oppose Saltgrass's motion *in limine* because they do not intend to introduce such evidence (Dkt. No. 122, ¶ 19).  If the Court's understanding is incorrect, Plaintiffs should inform the Court of their position on this motion at the pretrial conference and seek reconsideration of the Court's ruling, if necessary.

The Court grants the motion *in limine* without objection (Dkt. No. 89, ¶ 19).

### T.    Exclusion Of Witnesses

Saltgrass moves *in limine* for the exclusion of all witnesses, with the exception of the parties, from the courtroom prior to giving testimony pursuant to Federal Rule of Evidence 615 (Dkt. No. 89, ¶ 20).

Plaintiffs respond that they do not oppose Saltgrass's motion *in limine* and join the motion pending identification of the individual who will represent Saltgrass at trial (Dkt. No. 122, ¶ 20).

To the extent Saltgrass seeks to exclude all witnesses except expert witnesses, the parties, or an employee or officer that has been designated as the party's representative by its attorney under Federal Rule of Evidence 615(a)(1)-(2), the Court grants the motion *in limine* without objection (Dkt. No. 89, ¶ 20).

The Court directs Saltgrass to identify to Plaintiffs in writing prior to the start of trial on Monday, May 13, 2024, Saltgrass's corporate representative.

### U.    Criminal Records Of Witnesses

Saltgrass moves *in limine* to exclude evidence, testimony, reference, or argument referencing any criminal record of witnesses Ms. Velasco and Ronald McGranahan (Dkt. No. 89, ¶ 21).

Plaintiffs respond that they do not oppose Saltgrass' motion *in limine* provided that the same ruling goes for all parties to this action as previously discussed with Saltgrass's counsel (Dkt. No. 122, ¶ 21).

The Court grants Saltgrass's motion *in limine* (Dkt. No. 89, ¶ 21).

The Court excludes *in limine* as to all parties any evidence, testimony, and argument regarding the criminal record of any witness in this matter, including but not limited to arrests and convictions.  The Court directs the parties to Federal Rules of Evidence 608 and 609, along with

Federal Rules of Evidence 401, 402, 403, and 404. All parties, their counsel, and their witnesses are directed to approach the bench before offering any testimony, evidence, or argument on the criminal record of any witness in this matter, including but not limited to arrests and convictions.

## V.     Introduction Of Exhibits Into Evidence

Saltgrass moves to preclude the parties from introducing any evidence as exhibits without tendering them to the Court to determine their relevance and admissibility (Dkt. No. 89, ¶ 22).

Plaintiffs respond that they are confused by Saltgrass's motion *in limine*, and therefore oppose the motion (Dkt. No. 122, ¶ 22).

The Court denies Saltgrass's motion *in limine* and declines to make the blanket ruling Saltgrass seeks (Dkt. No. 89, ¶ 22). As a general matter, this Court requires that all exhibits be admitted into evidence before being shown to the jury, including but not limited to exhibits that may be used in opening statement and closing argument. The Court will rule on contemporaneous objections to exhibits, evidence, testimony, and argument at trial.

## W.     Comments About Payment Of The Judgment

Saltgrass moves *in limine* to exclude any comment to the jury about who pays the judgment, whether it is ever paid, or similar words to that effect under Federal Rules of Evidence 401, 402, and 403 (Dkt. No. 89, ¶ 23).

Plaintiffs respond that they are confused by Saltgrass's motion *in limine* "outside a municipal defendant setting" and, therefore, oppose the motion (Dkt. No. 122, ¶ 23).

The Court takes this motion under advisement (Dkt. No. 89, ¶ 22). The Court will hear from the parties during the pretrial conference with regard to these issues and will make its ruling at that time (Dkt. No. 89, ¶ 23). While this matter is under advisement, all parties, their counsel,

and their witnesses are directed to approach the bench before offering any testimony, evidence, or argument on who pays the judgment.

### III.     Plaintiffs' General Motions *In Limine*

Plaintiffs timely filed their general motions *in limine* nos. 1–14 on April 22, 2024 (Dkt. No. 91).  On April 26, 2024, Plaintiffs filed revised motions *in limine* nos. 3, 5–6, 8–10, and 12 (Dkt. No. 101).  In their revised motions *in limine*, Plaintiffs add argument in support of their motions *in limine* (Dkt. No. 101).  Defendants respond to Plaintiffs' general motions *in limine* and revised motions *in limine* (Dkt. No. 108).

Before addressing the individual motions *in limine*, Defendants argue that certain of Plaintiffs' motions *in limine* should be denied as unsupported, that the Court should reject Plaintiffs' revised motions *in limine*, and that the Court should deny Plaintiffs "threadbare and undeveloped" motions *in limine* (Dkt. No. 108, at 2–4).  In ruling on Plaintiffs' general motions *in limine* as revised, the Court has considered these general arguments raised by Saltgrass in its introduction to its response in opposition to Plaintiffs' motions *in limine* (Dkt. No. 108, at 1–4).

### A.     Exclusions Of Witnesses From The Courtroom

Plaintiffs move *in limine* to exclude all non-damages witnesses from the courtroom except during their own testimony and thereafter under Federal Rule of Evidence 615 (Dkt. No. 91, ¶ 1). Saltgrass does not oppose the motion except as to parties or an employee or officer that has been designated as the party's representative by its attorney under Federal Rule of Evidence 615(a)(1)-(2) (Dkt. No. 108, at 4).

To the extent Plaintiffs seek to exclude all witnesses except expert witnesses, the parties, or an employee or officer that has been designated as the party's representative by its attorney

under Federal Rule of Evidence 615(a)(1)-(2), the Court grants the motion *in limine* without objection (Dkt. No. 91, ¶ 1).

The Court directs Saltgrass to identify to Plaintiffs in writing prior to the start of trial on Monday, May 13, 2024, Saltgrass's corporate representative.

### B.      Impact On Individual Defendant's Personal Finances Or Family

Plaintiffs move the Court to order that none of the individual defendants seek to imply that they will be personally harmed by any judgment rendered against them or that their family will be harmed by any such judgment or that a negative ruling would impact their career or lifestyle (Dkt. No. 91, ¶ 2).

Saltgrass opposes the motion *in limine* arguing that there are no individual defendants in this case (Dkt. No. 108, at 4).

The Court understands that Saltgrass maintains a counterclaim against Plaintiffs as individual defendants.  At this time, the Court takes this motion under advisement (Dkt. No. 91, ¶ 2).  The Court will hear from the parties during the pretrial conference with regard to these issues and will make its ruling at that time.  While this matter is under advisement, all parties, their counsel, and their witnesses are directed to approach the bench before offering any testimony, evidence, or argument regarding whether individual defendants will be personally harmed by any judgment rendered against them or that their family will be harmed by any such judgment or that a negative ruling would impact their career or lifestyle.

### C.      Possible Prior Arrests Of Roy Richards Jr. And Any Prior Criminal History

Plaintiffs move *in limine* to exclude any reference, mention, evidence, or argument regarding any possible prior arrest of Roy Richards Jr. and any prior criminal history (Dkt. No. 91, ¶ 3).  In their revised motion *in limine* Plaintiffs move to exclude any reference, mention, evidence,

or argument regarding any possible prior arrests and criminal history of the parties and parties'
agents (Dkt. No. 101, ¶ 3).  Plaintiffs assert prior arrests and criminal history are irrelevant and
overly prejudicial and prohibited by Federal Rule of Evidence 404(b) (*Id.*).

Saltgrass responds that there is no party or witness in this matter bearing the name Roy
Richards Jr. (Dkt. No. 108, at 5).  Saltgrass opposes the revised motion *in limine* because it is not
"revised" but seeks blanket exclusion of prior arrests and criminal history for parties and their
agents (*Id.*).  Finally, Saltgrass argues that the motion *in limine* is overbroad, and a relevance
determination should be made based on the particular facts (*Id.*).

The Court grants the motion *in limine* as to all parties as set forth above (Dkt. Nos. 91, ¶ 3;
89, ¶ 21; 122, ¶ 21).  The Court excludes *in limine* as to all parties any evidence, testimony, and
argument regarding the criminal record of any witness in this matter, including but not limited to
arrests and convictions.  The Court directs the parties to Federal Rules of Evidence 608 and 609,
along with Federal Rules of Evidence 401, 402, 403, and 404.  All parties, their counsel, and their
witnesses are directed to approach the bench before offering any testimony, evidence, or argument
on the criminal record of any witness in this matter, including but not limited to arrests and
convictions.  The Court understands the reference by Plaintiffs as to Roy Richards Jr. to be a
scrivener's error (Dkt. No. 91, ¶ 3).

### D.      Dismissal Of Defamation Claim

Plaintiffs move *in limine* to exclude any reference, mention, evidence, or argument
regarding the dismissal of Plaintiffs' defamation claim (Dkt. No. 91, ¶ 4).  Plaintiffs assert that the
fact that the Court dismissed Plaintiffs' defamation claim is irrelevant, prejudicial, and misleading
and Saltgrass should be barred from raising this irrelevant fact in front of the jury (*Id.*).

Saltgrass responds that Plaintiffs do not cite any authority to support its position, and therefore the Court should deny the motion (Dkt. No. 108, at 6).

The Court determines that the dismissal of Plaintiffs' defamation claim is irrelevant and could be confusing to the jury. *See* Fed. R. Evid. 401, 402, 403. The Court grants Plaintiffs' motion *in limine* (Dkt. No. 91, ¶ 4).

E.      Use Of The Word "Lied"

Plaintiffs move *in limine* to exclude any reference, mention, evidence, or argument regarding Ms. Hooks's colloquial testimony that Mr. Jackson "lied" (Dkt. Nos. 91, ¶ 5; 101, ¶ 5). Plaintiffs seek to preclude Saltgrass from "exploiting" Ms. Hooks's deposition testimony when she is alleged to have colloquially used the word "lied" to paint Mr. Jackson as untruthful when, in fact, she meant that his account of the events differed slightly from hers (Dkt. Nos. 91, ¶ 5; 101; ¶ 5). Plaintiffs assert that, taken in context, what Ms. Hooks testified to is a disagreement regarding their accounts of their work history together (Dkt. No. 101, ¶ 5). Plaintiffs seek to prevent Saltgrass from "exploiting this testimony unfairly" to attack Mr. Jackson's character (Dkt. Nos. 91, ¶ 5; 101, ¶ 5).

Saltgrass responds that the Court should deny Plaintiffs' motion *in limine* because Plaintiffs do not cite to any authority to support their position (Dkt. No. 108, at 6). Saltgrass also argues that the relief requested seeks to usurp the jury's role as a finder of fact and as a judge of credibility (*Id.*). Saltgrass denies any assertion that it could or would manipulate the written or spoken testimony of any witness (*Id.*, at 7).

At this time, the Court takes this motion under advisement (Dkt. Nos. 91, ¶ 5; 101, ¶ 5). The Court will hear from the parties during the pretrial conference with regard to these issues and will make its ruling at that time. While this matter is under advisement, all parties, their counsel,

and their witnesses are directed to approach the bench before offering any testimony, evidence, or argument regarding Ms. Hooks's use of the word "lied" in regard to Mr. Jackson.

> ### F.      Complaint Against Little Rock Police Department And Prior Lawsuit Against The City Of Little Rock

Plaintiffs move *in limine* to exclude any reference, mention, evidence, or argument regarding Ms. Hooks's citizen's complaint against the LRPD or prior lawsuits against the City of Little Rock (Dkt. Nos. 91, ¶ 6; 101, ¶ 6).  Ms. Hooks filed a citizen's complaint against LRPD for its handling of the investigation of the incident (*Id.*).  Plaintiffs assert that Ms. Hooks's complaint, as well as the investigation file, should be excluded from the jury because the material is irrelevant, misleading, and prejudicial under Federal Rule of Evidence 403 (*Id.*).  Plaintiffs argue that, under Eighth Circuit law, subsequent internal affairs investigations are generally deemed irrelevant and inadmissible because official reviews occurring subsequent to an incident cannot be a factor which causes or contributes to the incident (Dkt. No. 101, at 3 (citing *Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999)).  Plaintiffs also assert that a lawsuit Ms. Hooks filed against the City of Little Rock based on an independent contractor demolition agreement is irrelevant to issues in the instant litigation and would only mislead and confuse the jury (Dkt. Nos. 91, at 6; 101, at 6).

Saltgrass responds that Plaintiffs' motion *in limine* requests that this Court make a premature relevance determination concerning Ms. Hooks's prior lawsuits and complaints against the LRPD and the City of Little Rock and that the Court is required to balance probative value of such evidence against its prejudicial effect under Federal Rule of Evidence 403 (Dkt. No. 108, at 7).  Saltgrass requests that the Court reserve ruling on Plaintiffs' motion *in limine* until the context of the evidence is presented at trial (*Id.*).

At this time, the Court takes this motion under advisement (Dkt. Nos. 91, ¶ 6; 101, ¶ 6). The Court will hear from the parties during the pretrial conference with regard to these issues and

will make its ruling at that time.  While this matter is under advisement, all parties, their counsel, and their witnesses are directed to approach the bench before offering any testimony, evidence, or argument regarding Ms. Hooks's citizen's complaint against the LRPD or prior lawsuits against the City of Little Rock.

### G.    GoFundMe Account And Health Insurance Coverage

Plaintiffs move *in limine* to exclude any reference, mention, evidence, or argument regarding Ms. Hooks's GoFundMe account and any health insurance coverage that she had (Dkt. No. 91, ¶ 7; 101, ¶ 7).  Plaintiffs state that Ms. Hooks has produced evidence of financial loss in the form of medical bills relating to the incident which she paid, and the bills reflect amounts reduced by her medical insurance carrier (*Id.*).  Plaintiffs maintain that payments made by a third party constitute a collateral source which does not go before a jury due to confusion and fairness considerations (*Id.*).  Plaintiffs argue that the same is true for the funds from Ms. Hooks's GoFundMe account, although Ms. Hooks returned the money collected (*Id.*).  Plaintiffs additionally argue that evidence regarding the GoFundMe Account would confuse the jury and is irrelevant (*Id.*).

Saltgrass requests that the Court reserve ruling on Plaintiffs' motion *in limine* because there are four instances in which a collateral source of recovery may be introduced and because Saltgrass asserts that the motion requests that the Court make a premature relevance determination (Dkt. No. 108, at 8).  Saltgrass further argues that, pursuant to Ms. Hooks's deposition, the GoFundMe funds were raised to retain an attorney and not for any damages.  Therefore, Saltgrass requests that the Court deny Plaintiffs' motion with regard to any collateral source and reserve ruling in the context of the evidence presented at trial (Dkt. No. 108, at 9).  Saltgrass requests that the Court reserve ruling on Plaintiffs' motion *in limine* until the context of the evidence is presented at trial (*Id.*).

24

The Court grants Plaintiffs' motion *in limine* (Dkt. Nos. 91, ¶ 7; 101, ¶ 7).  The Court recognizes that Arkansas courts have recognized four limited exceptions to the collateral source rule.  *See Evans v. Wilson,* 650 S.W.2d 569 (Ark. 1983); *Walmart Stores, Inc. v. Kilgore,* 148 S.W.3d 754 (Ark. Ct. App. 2004)).  If evidence within the limited exceptions to the collateral source rule becomes relevant at trial, parties are directed to approach the bench before introducing or eliciting such evidence, testimony, or argument.  The Court determines that evidence regarding Ms. Hooks's GoFundMe account, which she represents she returned, is irrelevant and could possibly confuse the jury.  *See* Fed. R. Evid. 401, 402, 403.  Accordingly, the Court also grants Plaintiffs' motion *in limine* regarding Ms. Hooks's GoFundMe account (Dkt. Nos. 91, ¶ 7; 101, ¶ 7).

## H.    Saltgrass's Claim Of Damages

Plaintiffs move *in limine* to exclude any reference, motion, evidence, or argument regarding any Saltgrass claim of damages exceeding the cost of a 16-ounce glass and salad (Dkt. No. 91, ¶ 8; 101, ¶ 8).  Plaintiffs state that, in its initial and supplemental disclosures, Saltgrass stated that it had not yet calculated its damages, and the only questions asked of Plaintiffs at their depositions concerned a broken glass and an unpaid salad (*Id.*).  In Plaintiffs' revised motions *in limine*, Plaintiffs state that Saltgrass's manager, Mr. McGranahan, testified at his deposition that he had "no idea" the amount of damages claimed by Saltgrass and had "no clue" how many guests were in the restaurant at the time of the incident (Dkt. No. 101, ¶ 8).  Plaintiffs argue that in the light of this testimony, "along with [Saltgrass's] well-documented discovery abuses," the Court should bar Saltgrass from introducing any evidence on damages it suffered beyond a broken glass and salad (*Id.*).

Saltgrass responds that the Court should deny Plaintiffs' motion because they failed to cite to any authority to support it (Dkt. No. 108, at 9). Saltgrass also argues that the relief requested seeks to usurp the jury's role (*Id.*, at 9–10). Finally, Saltgrass maintains that any failure to disclose damages on the part of Saltgrass is justifed or harmless pursuant to Federal Rule of Civil Procedure 37(c)(1) because Saltgrass asserts in its interrogatory response that the incident caused customers to leave the restaurant without paying for their meals (*Id.*, at 10).

The Court denies the motion *in limine* and declines to make the blanket ruling Plaintiffs seek without understanding more about the context of this dispute and the anticipated testimony, evidence, and argument (Dkt. Nos. 91, ¶ 8; 101, 8). Plaintiffs may renew their motion as to specific anticipated testimony, evidence, and argument, and, after hearing from Saltgrass in response, the Court will issue specific rulings.

## I.      Saltgrass's Belief That Any Member Of The Group Was Armed

Plaintiffs move *in limine* to exclude any reference, mention, evidence, or argument regarding Saltgrass's belief that any member of the group was armed (Dkt. Nos. 91, ¶ 9; 101, ¶ 9). Plaintiffs state that, during Ms. Hooks's depositions, Saltgrass's counsel suggested that a reason that the staff did not intervene to protect Plaintiffs is that a member of the group could have had a gun or knife (Dkt. No. 101, at 4). Plaintiffs maintain that this is irrelevant speculation and that, if this is a thought that crossed the mind of Saltgrass's staff during the incident, it makes the conduct attributable to Saltgrass more egregious and the disregard attributable to Saltgrass clearly conscious (*Id.*). Plaintiffs seeks to have such comments barred.

Saltgrass responds that the Court should deny Plaintiffs' motion *in limine* because they do not cite to any authority, because they do not cite any record evidence supporting a belief by Saltgrass that any member of the group was armed, because the motion is premised on speculation,

and because the motion calls for a premature relevance determination (Dkt. No. 108, at 10). Saltgrass requests that the Court reserve ruling on Plaintiff's motion *in limine* in the context of the evidence presented at trial (*Id.*, at 11).

The Court grants the motion *in limine* (Dkt. Nos. 91, ¶ 9; 101, ¶ 9).  The parties all seem to agree that this line of questioning is speculative, based on the record evidence.  If admissible evidence moves, or is anticipated to move, this line of questioning beyond speculation at trial, parties are directed to approach the bench before introducing or eliciting such evidence, testimony, or argument regarding a belief that any member of the group was armed.

### J.      Prior Fight Or Altercation At The Bar

Plaintiffs move *in limine* to exclude any reference, mention, evidence, or argument regarding any prior fight or altercation at a bar (Dkt. Nos. 91, ¶ 10; 101, ¶ 10).  Plaintiffs argue that, at Mr. Jackson's deposition, Saltgrass's counsel "attempted to associate [Mr. Jackson] with hooliganism and/or tried to establish that violence is somehow commonplace in his world." (Dkt. No. 101, at 5).

Saltgrass responds that the Court should deny Plaintiffs' motion *in limine* because it is threadbare and undeveloped, and Plaintiffs do not cite to any authority to support it (Dkt. No. 108, at 11).  Saltgrass also argues that Plaintiffs' motion *in limine* seeks to usurp the jury's role as finder of fact and judge of credibility and asks the Court to make a premature relevance determination (*Id.*).  Saltgrass requests that the Court reserve ruling on Plaintiffs' motion *in limine* in the context of the evidence presented at trial (*Id.*).

The Court grants Plaintiffs' motion *in limine* (Dkt. Nos. 91, ¶ 10; 101, ¶ 10).  The parties all seem to agree that this line of questioning is speculative, based on the record evidence.  If admissible evidence moves, or is anticipated to move, this line of questioning beyond speculation

at trial, parties are directed to approach the bench before introducing or eliciting such evidence, testimony, or argument regarding any prior fight or altercation at a bar.

### K.      Arrest In Texas And Any Criminal Or Traffic Convictions

Plaintiffs move *in limine* to exclude any reference, mention, evidence, or argument regarding an arrest in Texas and/or any criminal or traffic convictions (Dkt. No. 91, ¶ 11).

Saltgrass responds that the Court should deny Plaintiffs' motion *in limine* because Plaintiffs do not cite any authority to support the motion (Dkt. No. 108, at 12).

The Court grants Plaintiffs' motion *in limine* (Dkt. No. 91, ¶ 11). The Court excludes *in limine* as to all parties any evidence, testimony, and argument regarding the criminal record of any witness in this matter, including but not limited to arrests and convictions. The Court directs the parties to Federal Rules of Evidence 608 and 609, along with Federal Rules of Evidence 401, 402, 403, and 404. All parties, their counsel, and their witnesses are directed to approach the bench before offering any testimony, evidence, or argument on the criminal record of any witness in this matter, including but not limited to arrests and convictions.

### L.      Inappropriate Comments By Saltgrass's Counsel

Plaintiffs move *in limine* to exclude any reference, mention, evidence, or argument regarding inappropriate comments by Saltgrass's counsel (Dkt. Nos. 91, ¶ 12; 101, ¶ 12). Plaintiffs contend that, during Ms. Hooks's deposition, counsel for Saltgrass made inappropriate comments which were sexist, condescending, and unduly stereotypical (Dkt. Nos. 91, ¶ 12; 101, ¶ 12). Plaintiffs state that they are willing to give counsel the benefit of the doubt that counsel may have believed he was being "charming or humorous," but Plaintiffs found the suggestions improper and inappropriate (Dkt. No. 101, ¶ 12). Plaintiffs assert that such comments could "lead a callous juror(s) to agree with such comments which would jeopardize the integrity of [the] trial." (*Id.*).

Plaintiffs urge that all counsel should be barred from making any such comments or suggestions withing the presence of the jury (*Id.*).

Saltgrass responds that the Court should deny Plaintiffs' motion *in limine* because Plaintiffs do not cite to any authority to support it and should deny Plaintiffs' revised motion *in limine* because it is untimely (Dkt. No. 108, at 12).

The Court takes Plaintiffs' motion *in limine* under advisement (Dkt. Nos. 91, ¶ 12; 101, ¶ 12). The Court will hear from the parties during the pretrial conference with regard to these issues and will make its ruling on this motion. As a general matter, the Court expects the parties and counsel for the parties to be respectful, civil, and act appropriately.

### M.  Leading Questions

Plaintiffs move *in limine* under Federal Rule of Evidence 611(c) for the Court to permit Plaintiffs' counsel to ask leading questions of Mr. McGranahan and Ms. Velasco, who were supervisory staff at Saltgrass on June 27, 2020 (Dkt. No. 91, ¶ 13). Saltgrass responds that it agrees to comply with all of the Federal Rules of Evidence, but it denies Plaintiffs' characterization of Federal Rule of Evidence 611.

The Court takes this motion under advisement (Dkt. No. 91, ¶ 13). The Court understands Plaintiffs' motion *in limine* to seek this Court's permission to ask leading questions of witnesses Plaintiffs anticipate will be hostile witnesses, given their current or past employment with Saltgrass. The Court desires to hear more about the status of Mr. McGranahan and Ms. Velasco within Saltgrass before ruling and will address this motion with counsel at the pretrial conference.

### N.  Submission Of An Adverse Instruction Against Saltgrass

Plaintiffs move *in limine* for an adverse instruction against Saltgrass pursuant to Arkansas Model Jury Instructions 106 and 106A (Dkt. No. 91, ¶ 14). The Court takes this matter under

advisement, will hear from the parties during the pretrial conference with regard to these issues, and will make its ruling on this motion separately.  While this matter is under advisement, all parties, their counsel, and their witnesses are directed to approach the bench before offering any testimony, evidence, or argument on alleged missing videos, spoliation of evidence, or an adverse inference.

It is so ordered this 12th day of May, 2024.

Kristine G. Baker
Chief United States District Judge